IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MIDWESTERN GAS TRANSMISSION COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Civil No. 3:06-0253 |
| | ) | Judge Trauger |
| v. | ) ) | |
| 2.23 ACRES IN TROUSDALE COUNTY, CLARENCE DUNCAN, DIANE BRENAN, RAY DUNCAN, EARL RUSSELL and ROBERT LENTZ, | ) ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM and ORDER**

On July 13, 2009, the plaintiff filed a Motion For Summary Judgment (Docket No. 32), to which no timely response has been filed. By Order entered July 20, 2009, the court forewarned the defendants that their failure to respond to the plaintiff's Motion For Summary Judgment by August 7, 2009 could result in the motion being granted. (Docket No. 34) The court may not, however, grant the plaintiff's motion solely on the grounds that the defendant has failed to respond to it. *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 614 (6th Cir. 1998).

As the Sixth Circuit has stated:

> [A] district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged [his initial] burden . . . The federal rules require that the party filing a motion for summary judgment always bears the burden of demonstrating the absence of a genuine issue as to a material fact.

*Id.* (citing *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). The court, therefore, will consider whether the plaintiff has met its burden under the summary judgment standard.

1

Standard

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). To prevail, the moving party must meet the burden of proving the absence of a genuine issue of material fact as to an essential element of the opposing party's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001).

In determining whether the moving party has met its burden, the court must view the factual evidence and draw all reasonable inferences in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). "The court's function is not to weigh the evidence and determine the truth of the matters asserted, 'but to determine whether there is a genuine issue for trial.'" *Little Caesar Enters., Inc. v. OPPCO, LLC*, 219 F.3d 547, 551 (6th Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

If the nonmoving party fails to make a sufficient showing on an essential element of the case with respect to which she has the burden, however, the moving party is entitled to summary judgment as a matter of law. *See Williams v. Ford Motor Co.*, 187 F.3d 533, 537-38 (6th Cir. 1999). To preclude summary judgment, the nonmoving party "must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial." *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Shah v. Racetrac*

2

*Petroleum Co.*, 338 F.3d 557, 566 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 252). If the evidence offered by the nonmoving party is "merely colorable," or "not significantly probative," or not enough to lead a fair-minded jury to find for the nonmoving party, the motion for summary judgment should be granted. *Anderson*, 477 U.S. at 249-52. "A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Hill v. White*, 190 F.3d 427, 431 (6th Cir. 1999) (citing *Anderson*, 477 U.S. at 247-49).

Analysis

The plaintiff has established proper notice by personal service upon the defendants and constructive service through newspaper publication. The plaintiff has filed in support of its Motion For Summary Judgment the Affidavit of Philip R. Russ, a licensed real estate appraiser, that establishes just compensation for the property taken in this case as $13,500. (Docket No. 32-1) Mr. Russ's 33-page Appraisal Report is filed as an exhibit to his Affidavit. (Docket No. 32-2) There is no genuine issue of material fact for trial. The facts are undisputed that just compensation for the property taken in this case is $13,500. For these reasons, Midwestern Gas Transmission Company's Motion For Summary Judgment (Docket No. 33) is **GRANTED**, and the court establishes an award of $13,500 as just compensation for the taking in this case. Entry of this Order shall constitute the judgment in this action.

It is so **ORDERED**.

ENTER this 17th day of September 2009.

	ALETA A. TRAUGER
	U.S. District Judge

3

Case 3:06-cv-00253   Document 50   Filed 09/17/09   Page 3 of 3 PageID #: 239